**Opinion issued February 25, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-25-00008-CV

————————————

## DAWN KNIGHT, Appellant

## V.

## MARSHALL PAYSSE, Appellee

On Appeal from the 122nd District Court
Galveston County, Texas
Trial Court Case No. 23-CV-2223

## MEMORANDUM OPINION

On January 6, 2025, appellant, Dawn Knight, filed a notice of appeal from the trial court's September 9, 2024 "Order Granting [Appellee's] Traditional Motion for Summary Judgment, and No-Evidence Summary Judgment Brought Under Texas Rule of Civil Procedure 166(a)(i)."

We dismiss the appeal for lack of jurisdiction.

On January 17, 2025, appellee, Marshall Paysse, filed a motion to dismiss the appeal, arguing that the Court lacked jurisdiction over the appeal because appellant's notice of appeal was not timely filed. Absent a timely filed notice of appeal, we lack jurisdiction over an appeal. *See* TEX. R. APP. P. 25.1. Generally, a notice of appeal of a final judgment must be filed within thirty days after the entry of judgment. *See* TEX. R. APP. P. 26.1. However, where a party timely files certain post-judgment motions, the deadline to file a notice of appeal is extended to ninety days after the entry of judgment. *See* TEX. R. APP. P. 26.1(a)(1).

The record reflects that appellant filed a motion for new trial in the trial court. Accordingly, to invoke this Court's appellate jurisdiction over the trial court's September 9, 2024 order, appellant was required to file a notice of appeal on or before December 9, 2024. Appellant's January 6, 2025 notice of appeal was not filed by this deadline.

The time within which to file a notice of appeal may be enlarged, however, if, within fifteen days after the deadline for filing the notice of appeal, an appellant files a notice of appeal in the trial court and a motion for extension of time to file the notice of appeal in the appellate court. *See* TEX. R. APP. P. 10.5(b), 26.3.

Accordingly, taking the extended time provided by Texas Rule of Appellate Procedure 26.3 into consideration, to invoke this Court's appellate jurisdiction,

appellant was required to file a notice of appeal in the trial court and a motion for extension of time to file a notice of appeal in the appellate court on or before December 27, 2024. *See* TEX. R. APP. P. 26.1(a)(1), 26.3. Appellant's January 6, 2025 notice of appeal was therefore not timely filed, and appellant did not file a motion for extension of time to file a notice of appeal in this Court. Because appellant failed to file a timely notice of appeal, we lack jurisdiction over this appeal.

Appellee's motion to dismiss does not include a certificate of conference stating whether appellant is opposed to the relief requested. *See* TEX. R. APP. P. 10.1(a)(5). However, more than ten days have passed, and appellant has not responded to appellee's motion to dismiss. *See* TEX. R. APP. P. 10.3(a). Accordingly, we grant appellee's motion and dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Gunn and Guiney.